UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL E. WALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:10-CV-00075-WCL-APR |
| | ) |
| BRINK'S INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is a Motion to Remand filed by Plaintiff, Michael E. Wald, ("Plaintiff"), on April 20, 2010. Defendant, Brink's Inc., ("Defendant"), responded on May 7, 2010 to which Plaintiff replied on May 19, 2010. For the reasons set forth below, the Motion to Remand will be DENIED.

**BACKGROUND**

After Plaintiff was unsuccessful in appealing his dismissal from Defendant through the company's administrative channels, he filed a complaint in Lake Superior Court alleging wrongful-termination.[1] In Count 1 of the complaint, Plaintiff alleges the Defendant "wrongfully terminated [him] without just cause," failed to "comp[ly] with the terms and conditions of the Handbook for Brink's Personnel, " and "refused to pay [him] the proper compensation owed to him for the hours that he worked." (Compl. ¶¶ 4, 6.) Accordingly, Plaintiff seeks "a sum that will

---

[1]Plaintiff has his domicile in Indiana. Defendant is a Delaware corporation with a principal place of business in Virginia.

1

adequately compensate him for damages." Plaintiff also asserts that Defendant defamed him through a false allegation that he stole loose coins. In Count 2, Plaintiff alleges Defendant failed to compensate him for his earned vacation pay of $2,512.00 and thus, he is entitled to liquidated damages and attorney fees pursuant to I.C. 22-2-5-2.[2] (Compl. ¶¶ 9, 10 .)

On February 8, 2010, Defendant filed a Notice of Removal from Lake Superior Court invoking the diversity jurisdiction of this Court. Plaintiff then filed the present Motion to Remand asserting that the amount in controversy was under the requisite $75,000 to establish diversity jurisdiction. In the body of his motion, Plaintiff also requests for the Court to award him attorneys fees and costs under 28 U.S.C.A 1447(c) because the Defendant's Notice of Removal had no legal basis.

## **DISCUSSION**

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Deter v. Meijer, Inc.*, 2009 WL 1191694 at *1 (N.D. Ind. April 30, 2009). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). When ruling on a motion to remand, "[c]ourts should interpret the removal

---

[2]Indiana Code §22-2-5-2 provides, in pertinent part:

> Every ....corporation....who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Battle v. Countrywide Home Loans, Inc.,* No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005) (quoting *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)). The burden of establishing federal jurisdiction falls on the party seeking removal. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2007); *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006); *Doe,* 985 F.2d at 911.

In this case, Defendant sought removal on the basis of diversity of citizenship. For diversity jurisdiction to exist, the parties are required to have diverse citizenship (i.e. be citizens of different states) and the matter in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). The parties do not dispute that they are of diverse citizenship and thus, the sole dispute before the court is whether the amount in controversy exceeds $75,000.

"The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Supernova Sys., Inc. v. Great Am. Broadband, Inc.*, 2009 WL 1766818 at *2 (N.D. Ind. June 22, 2009) (quoting *Oshana*, 472 F.3d at 511). As the proponent of jurisdiction, the Defendant "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana*, 472 F.3d at 511*; see McMillian v. Sheraton Chicago Hotel & Towers,* No. 07-3370, 2009 WL 1491459, at *5 (7th Cir. May 29, 2009). "To satisfy this burden, a party must do more than 'point to the theoretical availability of certain categories of damages.'" *McMillian,* 567 F.3d 839, 2009 WL 1491459, at *5 (quoting *Am. Bankers Life Assurance Co. of Fl. v. Evans,* 319 F.3d 907, 909 (7th Cir. 2003)). Rather, the proponent of jurisdiction must support its assertion with "competent proof." *Id.; see Bailey v. Conocophillips*

3

*Co.,* No. 06-677-JLF, 2006 WL 3487655, at *3 (S.D. Ill. Dec. 4, 2006) ("A defendant seeking to establish jurisdiction on the basis of diversity must provide 'competent proof' that the amount in controversy exclusive of interest and costs exceeds $75,000.").

When the complaint does not specify the amount in controversy, "a good faith estimate of the stakes is acceptable if it is plausible and supported by the preponderance of the evidence." *Oshana*, 472 F.3d at 511. A good faith estimate may be gleaned by interrogatories, calculations from allegations in the complaint, plaintiff's estimates or settlement demands, or new evidence introduced in affidavits. *See Meridian Sec. Ins.*, 441 F.3d at 540; *Deter*, 2009 WL 1191694 at *2; *Bunch v. Wal-mart*, 2009 WL 1076162 at *3 (N.D. Ind. April 20, 2009). Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction "only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Supernova,* 2009 WL 1766818 at *2 (quoting *Oshana*, 472 F.3d at 511).

Mindful of the above standards, the starting point for the analysis begins with the Complaint itself and the circumstances as they exist on the day of removal.[3] Plaintiff did not enter a specific dollar amount of damages in his complaint which is consistent with Indiana Trial Rule 8(a)(2), "which prohibits plaintiffs from alleging a specific dollar amount in their complaints." *King v. Wal-mart Stores*, *Inc.*, 940 F. Supp 213, 215 (S.D. Ind. 1996). Rather,

---

[3]It is not clear from the Complaint that Plaintiff intended to seek damages under defamation as he concedes he would have a "substantial evidentiary burden" in demonstrating that Defendant published its defamatory statements and that Plaintiff incurred damages because of those statements. (Reply at p. 5.) *See Baker v. Tremco, Inc*., 917 N.E.2d 650, 657 (Ind. 2009) (To maintain defamation *per se* action, "plaintiff must demonstrate (1) communication with defamatory imputation; (2) malice; (3) publication; and (4) damages.") As the amount in damages for Plaintiff's lost wages and for unpaid vacation benefits already exceeds $75,000, potential damages under defamation do not need to be evaluated at this time.

4

Plaintiff generally averred that Defendant "wrongfully terminated [him] without just cause" and "refused to pay [him] the proper compensation owed to him for the hours that he worked." (Compl. ¶¶ 4, 7.) Therefore, to avoid remand, Defendant "must produce a 'good-faith estimate' of the amount in controversy that is 'plausible and supported by a preponderance of the evidence.'" *Deter,* 2009 WL 1191694 at *2 (quoting *Oshana*, 472 F.3d at 511).

Given the general allegations in the Complaint, Defendant submits Plaintiff's earnings statement while he was an employee at Brinks as well as an affidavit from a Senior Director of Human Resources's demonstrating that Plaintiff earned $41,753.77 in hours worked and $5,876.77 in overtime in 2007. (Docket #15.) Defendant argues that employee benefits, equal to 30% the cost of wages, should also be taken into consideration in calculating potential damages for back-pay. In total then, Defendant concludes that two years of back-pay plus employee benefits for the same period would add up to $123,839.42.[4] Defendant further adds $7,536.00, the amount of unpaid vacation benefits Plaintiff had and his potential of double liquidated damages under I.C. 22-2-5-2.[5] Thus, under Defendant's calculations the amount in controversy easily exceeds $75,000.

Plaintiff responds to these calculations by discounting the value of his claim. For instance, he claims he is only seeking damages for unpaid vacation benefits and for lost wages during the six months he was unemployed. Plaintiff asserts, although it is not indicated anywhere

---

[4]Defendant added overtime into this calculation but even without any overtime, the amount is well above the $75,000 threshold.

[5]Defendant also argues that Plaintiff is making a claim of defamation *per se* by saying Brink's defamed him and that this claim may lead to more monetary damages. However, as noted earlier, this assertion has not been factored in because the claim stands or falls on the assessment of the wage calculation.

in his Complaint nor supported in the briefing by any documentation so as to demonstrate the amount earned, that he mitigated damages by finding suitable employment after his termination. (Docket # 12.) Plaintiff offers his 2008 and 2009 tax returns, but those are jointly-filed with his wife and do not set out the income attributable to the Plaintiff himself. (Docket #13, Ex.2.) Regardless, Plaintiff argues that under his calculations even if he includes the cost of benefits on top of the wages he would have earned, the total amount in controversy would only add to $38,495.84, far under the jurisdictional amount. (Docket #16.) Plaintiff also downplays his assertion in his Complaint that under I.C. 22-2-5-2, he is entitled to liquidated damages for lost wages; he concedes now that under Indiana law he is only permitted to recover liquidated damages for unpaid vacation benefits and not for lost wages. (Reply at p. 6.) *See Davis v. All Am. Siding & Windows, Inc.*, 897 N.E.2d 936, 943 (Ind. App. 2008) (the Wage Payment Statute only compensates for work done by employee); *Gress v. Fabcon, Inc.*, 826 N.E.2d 1, 3 (Ind. Ct. App. 2005).

In *Palmer v. Am. Coal Co.*, 2008 WL 3200846 at *1-2 (S.D. Ill. Aug. 7, 2008), the plaintiff alleged a retaliatory discharge against the defendant, the American Coal Co., under the Illinois Worker's Compensation Act and sought compensatory damages plus damages for emotional distress. Although the plaintiff did not specify the amount of damages he was seeking, under Illinois law, a wrongfully terminated employee may recover lost back-pay and front-pay until the employee finds new employment or his employment is reinstated. *Id.* at *2. Therefore, at the time of removal, the defendant calculated potential damages in back-pay, front-pay, and lost benefits from plaintiff's prior annual wages of $72,000 and reasoned that the amount in controversy could exceed $75,000 by the time plaintiff's claims were tried in court. *Id.* The court

agreed and reasoned that the defendant had established by a preponderance of the evidence that there was more than $75,000 in controversy at the time defendant filed its notice of removal. *Id.*

Similarly in *Supernova Systems*, the court concluded that the defendant established the jurisdictional amount with competent proof when it calculated the loss of monthly revenue from defendant's income statements. 2009 WL 1766818 at *4-5. *See also Deter*, 2009 WL 1191694 at *1-3 (defendant did not establish jurisdictional amount with competent proof for damages relating to severe injury when defendant relied on potential medical expenses and bills as they did not provide a "plausible basis" that the amount exceeded $75,000); *Bunch*, 2009 WL 1076162 at *2 (defendant established jurisdictional amount by presenting "good-faith estimate" that the amount exceeded $75,000 based on plaintiff's claim of suffering continuing physical and mental injuries).

Here, as in both *Palmer* and *Supernova,* the Defendant has come forward with competent proof that the jurisdictional amount is sufficient to shift the burden to the Plaintiff. As in *Palmer,* Plaintiff did not specify the amount of damages he was seeking and thus, the Defendant provided "competent proof" by calculating Plaintiff's potential damages in back-pay from Plaintiff's earnings statements from the prior year.

Further, in Indiana (as in Illinois) under a breach of employment contract, an employee can recover lost wages for the period of time until the employee finds comparable employment. *See Dep't of Natural Res. v. Evans*, 493 N.E.2d 1295, 1302-03 (Ind. App. 4 Dist. 1986). At the time of the removal, there was no indication that Plaintiff had found new employment and that he only sought damages for six months of wages. The Complaint was filed almost two years after Plaintiff's employment was terminated and Plaintiff did not indicate anywhere in the Complaint that he had mitigated his damages or that he was limiting his request for wages specifically for the

six months he was without work. In fact, Plaintiff did not mention his new employment until he filed his Motion to Remand. (Docket #12.) Therefore, at the time it removed the case, Defendant properly reasoned damages to be two years of back-pay and benefits to cover the time from termination to the time the suit was filed. The Defendant's inference that Plaintiff was seeking two years of wages is reasonable. Thus, the Defendant has established the jurisdictional amount with competent proof.

Since the Defendant has come forth with plausible evidence that the amount in controversy exceeds $75,000, to defeat jurisdiction the burden shifts to the Plaintiff to show, to a legal certainty, that damages are worth less than the jurisdictional amount. *Supernova,* 2009 WL 1766818 at *3 (citing *Oshana*, 472 F.3d at 511). Plaintiff argues in post-removal briefs that the amount in controversy is well under $75,000 as he is *now* only seeking six months of lost wages in addition to the unpaid vacation benefits. (Dockets #13, 16.) However, the Seventh Circuit holds that a plaintiff's post-removal stipulation that the controversy is below $75,000 cannot defeat federal jurisdiction. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *King*, 940 F. Supp. at 216; *Bunch*, 2009 WL 1076162 at *3. Indeed, in *Palmer*, the plaintiff submitted an affidavit post-removal asserting that he was not seeking damages for more than $75,000. 2008 WL 32000846 at *3. The court held that "postremoval events to reduce the amount in controversy do not negate the establishment of a jurisdictionally sufficient amount in controversy at the time of removal. *Id.* at *3 (citing *St. Paul*, 303 U.S. at 289-90). Other than these post-removal assertions, plaintiff has done nothing to refute the Defendant's assertions and certainly presented no evidence "to a legal certainty" that undermines the defendant's calculations that the

amount in controversy has been met at the time of removal.[6] Accordingly, the Plaintiff's Motion to Remand must be denied.

## CONCLUSION

Because Defendant has demonstrated by a preponderance of evidence that the amount in controversy exceeds $75,000, Plaintiff's Motion for Remand is DENIED. Because Defendant had a legitimate basis to remove the action to this Court, Plaintiff's request in his motion for attorneys fees and costs under 28 U.S.C.A. 1447(c) is also DENIED.

SO ORDERED.

Entered: This 25th day of June, 2010.

/s/ William C. Lee
William C. Lee, Judge
United States District Court

---

[6]Although Plaintiff is prevented from entering a specific dollar amount in the complaint, he could have filed an affidavit along with his Complaint or amended his Complaint prior to removal indicating he was not seeking recovery in excess of $75,000. *Paddack v. Life Ins. Co. of N. Am.*, 2009 WL 2611932 at *2 (N.D. Ind. Aug. 24, 2009) (citing *BEM I, L.L. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)).